Filed 11/20/25  P. v. Rood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C102652 |
| Plaintiff and Respondent, | (Super. Ct. No. 24P5652) |
| v. | |
| COLTON JAMES ROOD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Colton James Rood asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we affirm the order revoking defendant's parole.

BACKGROUND

In 2012, defendant was convicted of lewd and lascivious acts with a child under 14.  (Pen. Code,[1] § 288, subd. (a).)  The trial court sentenced him to eight years in state prison.  Defendant was released on parole in December 2023.

---

[1]     Undesignated statutory references are to the Penal Code.

1

In October 2024, the Department of Corrections and Rehabilitation, Division of Adult Probation Operations, filed a petition alleging defendant violated parole by failing to (1) attend a mental health treatment program; and (2) participate in a sex offender treatment program.

At the hearing, the parole agent testified that before defendant's release from prison, the parole agent gave defendant a copy of the conditions of his parole. One condition required defendant to "participate in a mental health treatment program as directed by [his] parole agent." A second condition required him to "report to and actively participate in a Division of Adult Parole Operations approved sex offender treatment program. The program will require you to agree and sign necessary documents and waivers as well as polygraph examinations, limited to questions about the success of the sex offender treatment program, the crime(s) for which you were convicted, compliance with conditions of parole, sexual history and related criminal behavior past, present, [and/or] future."

Defendant refused to sign the conditions, but the parole agent required defendant to read them and verbally ensured defendant understood the conditions. Defendant was argumentative throughout most of this process.

The social worker in charge of defendant's mental health treatment testified she scheduled 10 meetings with defendant. Defendant attended two, missed five, and had two excused absences. One session was cancelled because defendant had been returned to custody.

As to defendant's participation in the sex offender program, the clinical director met with defendant. The clinical director asked defendant to fill out intake forms for the program. When the clinical director told defendant he had improperly filled out the forms, defendant said he was "unwilling or unable" to fill them out properly. Defendant wrote "under duress" and "under threat of violence and incarceration" on the forms because he wanted to appeal his case, he did not commit his crime, and he believed that

by signing the forms, he would be admitting guilt. As a result of these actions, the clinic could not legally or ethically allow defendant to participate in the sex offender treatment program.

After the court hearing on the parole petition, the trial court found that defendant violated his parole as to both conditions. The trial court revoked defendant's parole and reinstated it under the same conditions. It also included a condition sentencing defendant to 180 days in county jail with 112 days of total credit.

Defendant timely appeals.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The order revoking defendant's parole is affirmed.

>          /s/
>          MESIWALA, J.

We concur:


 /s/
RENNER, Acting P. J.


 /s/
FEINBERG, J.

4